UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-20135-ALTONAGA/GOODMAN

TRACFONE WIRELESS, INC., a Delaware
Corporation

                *Plaintiff,*

v.

NEKTOVA GROUP, LLC, a New Jersey
Corporation, et al.

                *Defendants.*

_____/

**DEFENDANTS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Nektova Group, LLC ("**Nektova**"), Yakov Anisfeld ("**Anisfeld**"), Yaacov Sommer ("**Sommer**"), Sol Fischer ("**Fischer**"), Nektova Group FL LLC ("**NGFL**"), Moshe Cohen ("**Cohen**"), and Benjamin Winkler ("**Winkler**," collectively with Nektova, Anisfeld, Sommer, Fischer, NGFL, and Cohen, the "**Defendants**") by and through their undersigned counsel, hereby respond to the Plaintiff Tracfone Wireless, Inc.'s ("**Tracfone**")'s First Amended Complaint for Damages and Injunctive Relief and Fed. R. Civ. P. 38 Demand for Jury Trial [D.E. 15] by filing this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Incorporated Memorandum of Law, and states as follows:

**PRELIMINARY STATEMENT**

Tracfone's complaint is the prototypical shotgun or kitchen sink pleading that this Court has so frequently derided. Instead of making a "short and plain statement of the claim" as required by Federal Rule of Civil Procedure 8, Tracfone filed a thirty-page Complaint, including 174 paragraphs, and 9 counts. One would think that Tracfone alleged that the Defendants engaged in massive wrongdoing. That would be incorrect.

Instead, Tracfone includes allegations about what could be done or what has in the past been done by theoretical unnamed parties, but does not allege the necessary elements of any of its causes of action against the Defendants. Moreover, Tracfone makes its allegations in this general way because it well knows that the Defendants have done nothing wrong. For the reasons set forth herein, Tracfone's Complaint should be dismissed, as a matter of law.

## RELEVANT BACKGROUND

1. On January 10, 2019, Tracfone filed its Complaint for Damages and Injunctive Relief [D.E. 1].

2. On February 4, 2019, Tracfone filed its First Amended Complaint for Damages and Injunctive Relief and Fed. R. Civ. P. 38 Demand for Jury Trial (the "**Complaint**") [D.E. 15].

3. Tracfone's Complaint alleges that the Defendants have engaged in wrongdoing that harmed Tracfone. Tracfone's allegations stem from the Defendants' purported resale of cellular phone devices that Tracfone subsidized.[1]

4. Tracfone's Complaint includes Nine (9) Counts: Civil Conspiracy, Unjust Enrichment, Conspiracy to Induce Breach of Contract, Common Law Fraud, Unfair Competition, Federal Trademark Infringement, Federal Common Law Trademark Infringement and False Advertising, Contributory Trademark Infringement, and Conversion.

5. This Motion asserts that Tracfone's Complaint is subject to dismissal as a matter of law for the reasons set forth herein.

---

[1] The allegations in the Complaint are untrue, but Defendants recognize that procedurally this is not the time for the truth of such allegations to be tested.

## MEMORANDUM OF LAW

**I.     LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6), provides for dismissal of an action for "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). In a Rule 12(b)(6) motion, "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012). "Legal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. As set forth herein, each count of the Complaint fails to state a cause of action and, on that basis, the Complaint is bound to be dismissed, as a matter of law.

**II.    ARGUMENT**

   a.  *Civil Conspiracy*.

In order to state a cause of action for conspiracy, Tracfone must allege "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Fla. Fern Growers Ass'n v. Concerned Citizens*, 616 So. 2d 562, 565 (Fla. 5th DCA 1993). That means that Tracfone must allege an underlying

actionable tort. *See Wright v. Yurko*, 446 So. 2d 1162 (Fla. 5th DCA 1984). Because the other causes of action are subject to dismissal (*see* sections (b) through (g)), Tracfone's conspiracy claim must also fail and is therefore subject to dismissal as a matter of law.

    b. *Unjust Enrichment*.

Under Florida law, in order to make a claim for unjust enrichment, a plaintiff must allege: "(1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *Gary v. D. Agustini & Asociados, S.A.*, 865 F. Supp. 818, 827 (S.D. Fla. 1994). Tracfone alleges that the Defendants acquisition of devices "at less than the manufacturer cost of the Devices" constitutes a "benefit" provided by Tracfone. [D.E. 15] at ¶111. Tracfone's allegations are insufficient to survive dismissal because it is not the manufacturer of the "Devices." Instead, Tracfone must affirmatively allege that *it* spent money to subsidize the "Devices" in order to set forth an unjust enrichment claim against the Defendants. Further and in addition to the foregoing, Tracfone's unjust enrichment claim is subject to dismissal because Tracfone fails to allege that an adequate remedy is unavailable at law. *Mobil Oil Corp. v. Dade County Esoil Mgmt. Co., Inc.*, 982 F. Supp. 873, 880 (S.D. Fla. 1997).

    c. *Conspiracy to Induce Breach of Contract*.

Conspiracy to induce breach of contract is a species of conspiracy in general. *See TracFone Wireless, Inc. v. Anadisk LLC*, 685 F. Supp. 2d 1304, 1318 (S.D. Fla. 2010). In order to state a cause of action for conspiracy, Tracfone must allege "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Fla. Fern Growers Ass'n* 616 So. 2d at 565. Tracfone alleges that the Defendants

4

interfered with Tracfone's "valid and existing contracts with runners and other original purchasers of the Devices." [D.E. 15] at 117. It is unclear what "contracts" Tracfone alleges it has with unknown and unidentified individuals. Regardless, this is insufficient to plead a conspiracy. *See e.g. Wright v. Yurko*, 446 So. 2d 1162, 1165 (Fla. 5th DCA 1984).

Count 3 of Tracfone's Complaint should be dismissed as a matter of law.

d. *Common Law Fraud*.

Under Florida law, common law fraud requires:

> (1) A false statement concerning a material fact. (2) Knowledge by the person making the statement that the representation is false. (3) The intent by the person making the statement that the representation will induce another to act on it. (4) Reliance on the representation to the injury of the other party.

Tracfone attempts to plead a common law fraud claim due to the Defendants' alleged purchasing of Tracfone subsidized devices from retailers. [D.E. 15] at 122–123. This is simply not fraud for a number of reasons. First, there is no alleged "false statement" by the Defendants. Tracfone attempts to couch a purchase of a product as such a false statement, but there is no legal support for such a proposition. *See, e.g., Weissman v. NASD*, 539 F. Supp. 2d 1363, 1366 (S.D. Fla. 2008). Moreover, because the alleged purchases were from third-party retailers, Tracfone cannot allege that it *relied* upon the Defendants' representations. Simply put, Tracfone's fraud claim is an attempt to fit a round peg into a square hole and should be dismissed, as a matter of law.

e. *Unfair Competition*.

Under Florida law, "the elements of an unfair competition claim are the same as a trademark infringement claim." *Cocoon v. Philip Stein Holding, Inc*, No. 09-20893-CIV, 2009 U.S. Dist. LEXIS 139529, at *7 (S.D. Fla. Aug. 11, 2009) (citing *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1475 n.3 (11th Cir. 1991)). As set forth in section (f) *infra*, Tracfone

5

has not pled the required elements of a trademark infringement claim, therefore its unfair competition claim is similarly subject to dismissal.

   f. *Federal Trademark Infringement (Count 6); Federal Common Law Trademark Infringement and False Advertising (Count 7); and Contributory Trademark Infringement (Count 8)*.

The Lanham Act protects against the use in commerce of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). Only when a person "uses in commerce" some

> word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

In order to properly plead a claim of trademark infringement, Tracfone must (a) show that it has a valid, protectable mark and (2) that Defendants' use of the mark is "likely to cause confusion, or to cause mistake, or to deceive." In order to meet this requirement, Tracfone must show that the Defendants are selling items that are materially different than those that Tracfone sells. *Davidoff & Cie, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1302 (11th Cir. 2001). In other words, "[t]he resale of genuine trademarked goods generally does not constitute infringement." *Id.* at 301. This is termed the "first sale" or "exhaustion" doctrine. *Id.*

Tracfone attempts to avoid this issue by making general allegations about what *other* parties do to Tracfone devices. *See* [D.E. 15] at 103–105. Tracfone then alleges that "Traffickers *such as* Defendants and their co-conspirators *sometimes* remove the pouches from the box, take the Device out of its original packaging, and remove the accessories, warranties and manual before shipping and selling the TracFone Device overseas." [D.E. 15] at ¶60 (emphasis added). Tracfone has failed to plead the required elements of a trademark claim because Tracfone has failed to allege that the *Defendants* actually did remove pouches from boxes, etc. The reason for this is obvious, Tracfone knows that the Defendants did not do this.

Significantly, Tracfone attached the Declaration of Sair Ali to their Complaint [D.E. 15-3], which declaration provides that "We have engaged in online research and spoken to various people around the world in an effort to determine how handsets can be unlocked, and *we were successful in unlocking some of the TracFone-branded wireless handsets we purchased*." *Id.* at ¶15 (emphasis added). The fact that Ali had to unlock these devices means that, by definition, they were not unlocked when the alleged sale from the Defendants occurred. Moreover, Ali asserts that the handsets included "the outside of the packaging" indicating that they were never opened. *Id*. at ¶16. Notably, Ali does not declare (a) that he *ever* received an opened device from the Defendants or (b) that he *ever* received an "unlocked" device from the Defendants.

Under the first sale doctrine, Counts 6, 7, and 8 are subject to dismissal as a matter of law.

    g. <u>Conversion</u>.

In Florida, in order to plead a cause of action for conversion, Tracfone must allege that the Defendants have engaged in "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Special Purpose Accounts Receivable Coop. Corp. v. Prime One Cap. Co.*, 125 F. Supp. 2d 1093, 1099 (S.D. Fla. 2000). A review of Count 9 demonstrates that Tracfone is unable to state any of the elements of a conversion claim.

7

Tracfone's own allegations do not assert that the Defendants have wrongfully claimed Tracfone's property, *see* [D.E. 15] at ¶¶ 169–174, and therefore no claim for conversion will lie. Count 9 of the Complaint should be dismissed as a matter of law.

## **CONCLUSION**

All Counts in the Complaint are bound to be dismissed, as a matter of law. Tracfone cannot plead any of its trademark claims or unfair competition claim because there is no allegation that the Defendants sold the devices in a materially different condition. The conspiracy claims fail because there is no underlying tort or contract on which those claims can travel. Unjust enrichment and conversion claims are inapplicable where the Defendants did not exercise any claims inconsistent with their property rights and there is no pled benefit received by the Defendants from Tracfone. Finally, Tracfone's fraud claim fails because there is no allegation of a false statement or of Tracfone's reliance on any such false statement where the allegations in the Complaint provide that the Defendants simply purchased product from third-parties.

WHEREFORE, Defendants respectfully request that this Court grant this Motion to Dismiss under Rule 12(b)(6) and award any additional relief this Court deems just and proper.

Dated: March 8, 2019

THE BERNSTEIN LAW FIRM

*s/ Michael I. Bernstein*

Michael I. Bernstein, Esq.
Florida Bar No.: 546208
Jason B. Pear, Esq.
Florida Bar No.: 070230
3050 Biscayne Boulevard, Suite 403
Miami, Florida 33137
Tel. (305) 672-9544
Fax. (305) 672-4572
Primary: michael@bernstein-lawfirm.com
Secondary: jason@bernstein-lawfirm.com
richard@bernstein-lawfirm.com

## CERTIFICATION OF SERVICE

I certify that on this March 8, 2019, that the foregoing document is being served on all counsel of record identified on the attached Service List via electronic service.

s/*Michael I. Bernstein*

_____
Michael I. Bernstein, Esq.

## SERVICE LIST

*Tracfone Wireless, Inc. v. Nektova Group, LLC, et al.*
CASE NO.: 1:19-CV-20135-ALTONAGA/GOODMAN
United States District Court of Southern District Of Florida

Aaron S. Weiss
Steven Blickensderfer
Carlton Fields Jorden Burt, P.A.
100 S.E. Second St., Suite 4200
Miami, Florida 33131
sblickensderfer@carltonfields.com
aweiss@carltonfields.com
Telephone: 305.530.0050
*Counsel for Plaintiff*